UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABDULLAH W. MUSTAFAA, a/k/a TERRANCE MATTHEWS (CDCR # E-24447),<br><br>Petitioner,<br><br>v.<br><br>RONALD DAVIS,<br><br>Respondent. | Case No. 19-cv-04105-EMC<br><br>**ORDER OF DISMISSAL**<br><br>Docket No. 1 |

## I. INTRODUCTION

Abdullah W. Mustafaa, also known as Terrance Matthews, a prisoner at San Quentin State Prison, filed this *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He contends that he wrongfully has been denied the ability to earn certain time credits against his sentence. His petition for writ of habeas corpus is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

## II. BACKGROUND

A. Proposition 57 and Time Credit Earning Opportunity

California's Proposition 57, approved by voters in November 2016, makes parole more available for certain felons convicted of nonviolent crimes. Specifically, Proposition 57 adds Article I, section 32 to the California Constitution. That section provides:

> (a) The following provisions are hereby enacted to enhance public safety, improve rehabilitation, and avoid the release of prisoners by federal court order, notwithstanding anything in this article or any other provision of law:

> (1) Parole Consideration: Any person convicted of a nonviolent felony offense and sentenced to state prison shall be eligible for parole consideration after completing the full term for his or her primary offense. . . .
>
> (2) Credit Earning: The Department of Corrections and Rehabilitation shall have authority to award credits earned for good behavior and approved rehabilitative or educational achievements.
>
> (b) The Department of Corrections and Rehabilitation shall adopt regulations in furtherance of these provisions, and the Secretary of the Department of Corrections and Rehabilitation shall certify that these regulations protect and enhance public safety.

Cal. Const. art. I, § 32.

Following Proposition 57, the California Department of Corrections and Rehabilitation (CDCR) amended and added some regulations. One of the new regulations is section 3043.2, regarding the earning of good conduct time credits. As relevant here, the regulation provides that "[o]ne day of credit for every two days of incarceration (33.3%) shall be awarded to an inmate sentenced under the Three Strikes Law, under subdivision (c) of section 1170.12 of the Penal Code, or under subdivision (c) or (e) of section 667 of the Penal Code, *who is not serving a term for a violent felony as defined in subdivision (c) of section 667.5 of the Penal Code.*" 15 Cal. Code Regs. § 3043.2(b)(3) (emphasis added). The award of such good conduct time credits "shall advance an inmate's release date if sentenced to a determinate term or advance an inmate's initial parole hearing date pursuant to subdivision (a)(2) of section 3041 of the Penal Code if sentenced to an indeterminate term with the possibility of parole. 15 Cal. Code Regs. § 3043.2(b).

B.  Allegations In Petition

The petition and attachments provide the following information:

In 1996, Mr. Mustafaa was convicted in Alameda County Superior Court of committing a lewd and lascivious act on a child under age 14 (*see* Cal. Penal Code § 288(a)) and penetration with a foreign object (*see* Cal. Penal Code § 289(j)). Allegations that he had committed prior felonies were found true. Mr. Mustafaa currently is in custody serving a sentence of 35 years to life in prison. *See* Docket No. 1 at 55 (Nov. 6, 1998 abstract of judgment). The sentence is comprised of 25 years to life with the possibility of parole for the lewd and lascivious act on a minor, plus two 5-year sentence enhancements for the prior convictions. *Id.* The sentence for the

2

1 penetration with a foreign object was stayed. *Id.*

Prison officials have determined that Mr. Mustafaa may not receive good conduct time credits at the 33.3% rate under § 3043.2(b)(3). They have declined to allow him to earn good conduct credits at the 33.3% rate because, according to them, Mr. Mustafaa's lewd and lascivious conduct offense was a "violent felony" under California Penal Code § 667.5, and that makes him ineligible under the language of the regulation.

Mr. Mustafaa alleges that his federal constitutional rights under the Due Process, Equal Protection, and Ex Post Facto Clauses have been violated by prison officials' refusal to allow him to earn time credits at the 33.3% rate in § 3043.2(b)(3).

## III. DISCUSSION

A. The Claims Cannot Be Pursued In A Habeas Action

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

Habeas jurisdiction is lacking for Mr. Mustafaa's claim about the implementation of the good-conduct time credit earning regulation. As explained below, because success on any of his claims would not shorten or end his sentence, he can pursue his claims only in a civil rights action – if he can pursue them at all in federal court.

In *Nettles v. Grounds*, 830 F.3d 922, 934-35 (9th Cir. 2016), *cert. denied*, 137 S. Ct. 645 (2017), the Ninth Circuit held that that a prisoner's claim which, if successful, will not necessarily lead to immediate or speedier release from custody falls outside the "core of habeas corpus" and must be pursued (if at all) in a civil rights action under 42 U.S.C. § 1983, rather than in a habeas action.[1] *Nettles*, 830 F.3d at 927-28; *see also Borstad v. Hartley*, 668 F.App'x 696, 697 (9th Cir.

---

[1] In *Nettles*, the life inmate challenged a prison disciplinary decision, which he contended was impeding his ability to be granted parole. The Ninth Circuit concluded that habeas jurisdiction

3

2016) (success on petitioners' claims that the lengthening of intervals between parole hearings caused by Marsy's Law violated their rights under Ex Post Facto Clause "would not necessarily result in a shortening of their sentences. Thus, the district court in each case lacked jurisdiction to grant 28 U.S.C. § 2254 habeas relief. *Nettles*, 830 F.3d at 935–37.").

Here, if Mr. Mustafaa were to succeed on his claim that prison officials should apply the 33.3% good conduct time credit rate in § 3043.2(b)(3) to him, the result would be that he could accumulate more time credits. But those additional time credits would not spell immediate or speedier release because Mr. Mustafaa is serving an indeterminate 35-to-life sentence. At most, the award of such time credits would advance the date of his "initial parole hearing," 15 Cal. Code Regs. § 3043.2(b), if that date has not yet passed. At the initial parole hearing, and at any parole hearing thereafter, a prisoner serving an indeterminate life term must be found suitable for parole before he may be released from prison. *See* 15 Cal. Code Regs. § 2281(a) ("Regardless of the length of time served, a life prisoner shall be found unsuitable for and denied parole if in the judgment of the panel the prisoner will pose an unreasonable risk of danger to society from prison"). It therefore does not necessarily follow that, if he earns time credits at a 33.3% rate, Mr. Mustafaa will be released from prison on a date sooner than otherwise would occur because he also must be found suitable for parole before he may be released from prison.

Under *Nettles*, Mr. Mustafaa's only potential recourse in federal court is to file a civil rights complaint under 42 U.S.C. § 1983 because his claim falls outside the "core of habeas corpus." *Nettles*, 830 F.3d at 927. *Cf. Blanco v. Asuncion*, 2019 WL 2144452, *3 (S. D. Cal. 2019) (even if prisoner serving a term of years could establish that he was entitled to retroactive good time credits under Proposition 57, "he would not necessarily be entitled to earlier release from prisoner" and therefore *Nettles* bars consideration of the claim in a habeas action); *Alvarez v.*

---

was absent due to the fact that success on the merits "would not necessarily lead to immediate or speedier release because the expungement of the challenged disciplinary violation would not necessarily lead to a grant of parole." *Nettles*, 830 F.3d at 934-35. Under state law, the inmate had to be found suitable for parole before he would be granted parole; "the presence of a disciplinary infraction does not compel the denial of parole, nor does an absence of an infraction compel the grant of parole." *Id.* at 935.

4

*Spearman*, 2017 WL 6344358, *5-6 (E. D. Cal. 2017) (*Nettles* required dismissal of habeas action challenging limitation on prisoner's credit- earning ability caused by his designation as a sex offender).[2]

In an appropriate case, a habeas petition may be construed as a civil rights complaint under 42 U.S.C. § 1983. *Wilwording v. Swenson*, 404 U.S. 249, 251 (1971); *see Nettles*, 830 F.3d at 935-36. Although the district court may construe a habeas petition as a civil rights complaint, it is not required to do so. Since the time when *Wilwording* was decided there have been significant changes in the law. For example, the filing fee for a habeas petition is five dollars whereas the fee for a civil rights case is now $400 (with $50 of that fee reduced if the prisoner is allowed to proceed *in forma pauperis*). A prisoner is now required to pay the fee, even if granted *in forma pauperis* status, by way of deductions from income to the prisoner's trust account. *See* 28 U.S.C. § 1915(b). A prisoner who might be willing to file a habeas petition for which he would not have to pay a filing fee might feel otherwise about a civil rights complaint for which the $350 fee would be deducted from income to his prisoner trust account. Also, a civil rights complaint that is dismissed as malicious, frivolous, or for failure to state a claim counts as a "strike" under 28 U.S.C. § 1915(g), which is not true for habeas cases. Further, Mr. Mustafaa's petition is not amenable to conversion because it does not name the proper defendant. *See Nettles*, 830 F.3d at

---

[2] Similar reasoning has been used by numerous district courts to dismiss habeas petitions challenging the implementation of the earlier-parole consideration provisions in Proposition 57. There are no Ninth Circuit cases on point but numerous district courts have held that a claim based on Proposition 57 cannot be brought in a habeas action. *See, e.g., Smith v. Pearman*, 2019 WL 4918259, *3 (N.D. Cal. 2019) (habeas petition claiming entitlement to release under Proposition 57 dismissed because any Proposition 57 claim must be brought in civil rights action (citing *Nettles*)); *Ramos v. Spearman*, 2019 WL 4571943, *2 n.1. (E.D. Cal. 2019) ("plaintiff's claim is properly brought in a civil rights action because a finding in plaintiff's favor, i.e., that he is entitled to a parole hearing pursuant to Proposition 57, will not necessarily lead to his immediate or speedier release from custody." (citing *Nettles*)); *Grant v. Sherman*, 2019 WL 4302202 (E.D. Cal. 2019) ("Under *Nettles*, Petitioner's only potential recourse [vis-à-vis Proposition 57] in federal court is to file a § 1983 complaint because his claim falls outside the core of habeas corpus."); *Blanco v. Diaz*, 2019 WL 3562215, *1 (S.D. Cal. 2019) (adopting report and recommendation that recommended, based on *Nettles*, the dismissal of habeas petition challenging implementation of Proposition 57); *cf. McCarary v. Kernan*, 2017 WL 4539992, *2 (E. D. Cal. 2017) (citing *Nettles* and finding that claims that plaintiff's failure to receive a parole hearing under Proposition 57 violated due process "are properly brought in this civil rights action rather than in a petition for writ of habeas corpus").

936 (quoting *Glaus v. Anderson*, 408 F.3d 382, 388 (7th Cir. 2005)) (in order to be converted, petition must be "'amenable to conversion on its face, meaning that it names the correct defendants and seeks the correct relief.'") In light of these several potential pitfalls for Mr. Mustafaa if the Court were to construe the petition as a civil rights complaint, the Court declines to so construe it.

It is important to note that the Court has not determined that a claim would succeed if brought in a civil rights action under 42 U.S.C. § 1983. The court has referred to a § 1983 as a "potential recourse" because it would be premature in this habeas action to decide whether a claim actually could be stated under 42 U.S.C. § 1983. The Court only decides today that a habeas petition is the wrong vehicle for a prisoner to pursue enforcement of any federal rights he has as a result of the passage of Proposition 57.

B. No Certificate Of Appealability

When the court denies or dismisses a petition for writ of habeas corpus from a state prisoner, the court must determine whether to issue a certificate of appealability. A certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c). This is not a case in which "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

## IV. CONCLUSION

For the foregoing reasons, the petition for writ of habeas corpus is **DISMISSED**. The dismissal is without prejudice to petitioner filing a new civil rights action asserting his claim that he should earn good conduct time credits at the 33.3% rate.

The Clerk shall close the file.

**IT IS SO ORDERED**.

Dated: December 12, 2019

_____
EDWARD M. CHEN
United States District Judge